IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REGINALD WILLIAMS,

                Petitioner,                          ORDER

    v.                                                11-cv-266-wmc

CAROL HOLINKA,

                Respondent.

---

In an order entered in this case on April 19, 2011, I told plaintiff that before I could consider his request to proceed *in forma pauperis* he would have to submit a trust fund account statement covering the six-month period preceding the filing of his petition so that I could assess an initial partial payment of the $5 fee for filing this case. Plaintiff has submitted the requested statement.

In determining whether a petitioner is indigent for the purpose of filing a § 2241 petition, this court calculates the average monthly deposits and the average monthly balances in the petitioner's prison account for the six-month period mentioned above. If 20% of the greater of these two figures is $5 or more, then the petitioner is not eligible for indigent status and must prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, the petitioner must prepay whatever portion of $5 the 20% calculation works out to be.

Petitioner's trust fund account statement reveals that he has deposits totaling $297.21 to his prison account over the last six-month period, for an average monthly deposit of $49.53. It is unnecessary to calculate petitioner's monthly balances for the same six month period, because regardless which amount is greater, he does not qualify for indigent status. Twenty percent of $49.53 is $9.90, which is more than the $5 filing fee.

Accordingly, IT IS ORDERED that petitioner's request for leave to proceed *in forma pauperis* in this case is DENIED. Petitioner may have until May 16, 2011, in which to submit a check or money order made payable to the clerk of court in the amount of $5 to cover the fee for filing his petition. If, by May 16, 2011, petitioner fails to pay the fee or show cause why he is unable to do so, then the clerk of court is directed to close this file for petitioner's failure to prosecute.

Entered this 26th day of April, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge